UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>     v.<br><br>HEATHER M. BERKOWITZ,<br><br>                      Defendant. | CASE NO. CR19-5409<br><br>ORDER GRANTING RECONSIDERATION |

This matter comes before the Court on the Defendants Motion for Reconsideration of Ruling Denying Motion to Quash Bench Warrant. Dkt No. 13. On June 27, 2023, the Court entered a Minute Order denying the Defense Motion to Quash Arrest Warrant. Dkt. No. 9. The Defense moves for reconsideration of that Order. Following the parties' factual proffers and argument on August 10, 2023, the Court ***GRANTS*** the Defense Motion to Reconsider. The Clerk of Court is directed to ***QUASH*** the Arrest Warrant and to schedule an arraignment in absentia.

**I.      FINDINGS OF FACT**

During the August 10, 2023, motions hearing, the parties did not dispute the material proffered facts contained in the Defense Motion for Reconsideration (Dkt. No. 13) and the

1  Government's Response to Defendant's Motion for Quash Bench Warrant, Set Arraignment

2  Date, in Absentia.[1] Dkt. No. 10.

3        On August 6, 2019, a federal law enforcement officer issued a citation to the Defendant

4  alleging she committed the offense of Harassment on Joint Base Lewis McChord (JBLM), a

5  federal enclave within the territorial and special maritime jurisdiction of the United States. Dkt.

6  No. 1. The Defendant provided the law enforcement officer with her home address at the time,

7  which he noted on the citation. *Id.* The officer appears to have completed a "Statement of

8  Probable Cause" on August 7, 2019, that he attached to the citation. Dkt. No. 2.

9        The Statement of Probable Cause describes two distinct incidents in which the officer

10  responded to complaints from the "reporting party." *Id.* Presumably, the first incident involved

11  the Defendant allegedly video recording the reporting party and her minor child without their

12  permission while "they were playing in their garage." [2] *Id.* Sometime later, the officer responded

13  to a separate allegation ostensibly by the same reporting party claiming the Defendant had

14  uttered the following statements: "Fuck you bitch, I'm going to fuck your world up bitch, Call

15  the cops again and see what happens bitch, Scared little bitch, I'm going to ruin your world bitch,

16  I dare you to call the cops again bitch, and I'm going to knock you out." *Id.*

17        This Statement of Probable Cause did not provide any additional information about the

18  circumstances surrounding these statements; any further descriptions of the Defendant or the

19  reporting party; did not explore their relationship, or lack thereof, between the Defendant and the

20

---

21  [1] The parties did indicate a potential disagreement concerning whether the zip code contained on the Summons was erroneous and when the Defense acquired this information. The Court does not resolve this factual issue herein
22  because it is not material to the Court's conclusions of law.

23  [2] The time stamps for the two incidents do raise some question as to the timing of the second incident. Either the time of the second incident was erroneously recorded as occurring at 11:58 a.m. on August 6, 2019, or may have taken place on August 7, 2019. Resolution of this fact is not material to the Court's conclusions of law but the Court
24  does note that this discrepancy demonstrates some imprecision in this affidavit.

ORDER GRANTING RECONSIDERATION - 2

reporting party; and did not explicitly describe whether the reporting party subjectively felt threatened.

Once law enforcement transmitted this citation to the automated Central Violations Bureau system (CVB System), the CVB System generated a document notifying the Defendant of her initial appearance set before this Court on October 30, 2019. The CVB System automatically mailed this notice to the residential address that the Defendant had provided to law enforcement.

Sometime in September 2019, but before the Defendant received the automated CVB System notification, the Defendant and her family moved away from the address she had provided to law enforcement. On October 22, 2019, the U.S. Attorney filed an Information based upon the Citation and Statement of Probable Cause alleging the Defendant committed the offense of Harassment in violation of 18 U.S.C. §§ 7 and 13, and R.C.W. 9A.46.020. Dkt. No. 3.

The Defendant did not appear for her October 2019 initial appearance. In response, the Court issued a Summons[3] notifying the Defendant of her arraignment scheduled for November 20, 2019. Dkt. No. 4. Approximately two weeks before the arraignment, the Court received the returned Summons that had been marked as "not deliverable as addressed" and "unable to forward."

On November 20, 2019, the Defendant did not appear at her Arraignment and, as a result, the Court granted the Government's motion to issue the Bench Warrant. Dkt. No. 6.

---

[3] The Defense further disputed during oral argument that the original summons amounted to same because the lack of proper service rendered the document little more than a "letter" and certainly not a summons. The Court refers to this document as a "summons" without addressing the merits of the Defense argument since the Court finds the affidavit lacked probable cause in the first instance. Consistent with its argument, the Defense did not move the Court to quash the summons. Again, without addressing this issue, and because the Defense did not request this relief, the Court will not order that the summons be quashed.

ORDER GRANTING RECONSIDERATION - 3

Since November 20, 2019, law enforcement has not executed the Bench Warrant. The Defendant currently resides somewhere in the State of Georgia.

## II. CONCLUSIONS OF LAW

The Defense cites three arguments justifying its Motion to Quash. The Warrant was improperly issued under Rule 9, the warrant was not issued based upon a judicial finding of probable cause and, finally, the "accompanying papers" cannot support a finding of probable cause. Dkt. No. 13.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. CrR 12(b)(13)(A). The Defense appears to concede its failure to offer fulsome legal and factual arguments in its initial pleadings but asks the Court to reconsider its prior ruling, which the Defense contends constituted manifest error. After evaluating the Defense's more thorough probable cause analysis, the Court agrees its prior ruling resulted in manifest error and grants reconsideration on this basis.

The Court ostensibly issued the instant bench warrant because the Defendant failed "to appear in response to a summons." Fed. R. Crim. P. 9(a). The Defense persuasively argues the arrest warrant should be quashed because the underlying summons was itself infirm as the Government arguably failed to conform to the "Manner" strictures of Fed. R. Crim. P. 4(c)(3)(B). However, the Court need not reach this issue, or the related argument that the bench warrant was issued without a proper judicial finding, because the abject absence of probable cause in the "affidavits accompanying the information" should have prevented the issuance of both the Summons and the Arrest Warrant *ab initio*.

ORDER GRANTING RECONSIDERATION - 4

While courts and the local rules generally disfavor "presenting fleshed out argumentation for the first time on reconsideration[,] . . . [t]he Court has 'inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding.'" *United States v. Holcomb*, No. CR21-75RSL, 2022 WL 16763686, n. 2 (W.D. Wash. Nov. 8, 2022) (quoting *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013)).

Fundamentally, "[t]he Warrant Clause of the Fourth Amendment unambiguously provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" *United States v. Vargas-Amaya*, 389 F.3d 901, 904 (9th Cir. 2004) (quoting U.S. Const. amend IV); *United States v. Garcia-Villalba*, 585 F.3d 1223, 1233 (9th Cir. 2009). Accordingly, the Court should only issue a warrant or summons "if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it." Fed. R. Crim. P. 9(a); Fed. R. Crim. P. 4(a) and 58(d)(3). U.S. Const. amend IV.

Here, the Defendant was charged with the state offense of Harassment in violation of RCW 9A.46.020 as assimilated by 18 U.S.C. §§ 7 and 13. *See, e.g., Lewis v. United States*, 523 U.S. 155, 160 (1998) ("The [Assimilative Crime Act]'s basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves").

Washington's Harassment Statute criminalizes, *inter alia*, "harassment if: [1] [w]ithout lawful authority, the person knowingly threatens . . . [t]o cause bodily injury immediately or in the future to the person threatened . . . and [2] [t]he person by words or conduct places the person threatened ***in reasonable fear that the threat will be carried out***." RCW 9A.46.020 (emphasis

ORDER GRANTING RECONSIDERATION - 5

added). "The person threatened must subjectively feel fear and that fear must be reasonable." *State v. E.J.Y.*, 113 Wn. App. 940, 953 (2002).

Even assuming the "Statement of Probable Cause" (Dkt. No. 2) affixed to the Original Ticket (Dkt. No. 1) constitutes an "affidavit[] accompanying the information," the affidavit simply does not establish probable cause to believe the ostensible victim either subjectively felt fear; or that such fear was reasonable. The affidavit offers a dearth of information about any aspect of this episode other than the uttered words themselves. Without more, the affidavit runs the real risk of infringing upon protected speech and the Defendant's First Amendment rights. While the alleged statements may have been vituperative, the Harassment elemental requirement that the remarks cause both subjective *and* objective fear are critical to ensuring the Defendant uttered a "true threat" and was not merely engaged in protected speech. *Watts v. United States*, 394 U.S. 705, 708 (1969).

When an arrest warrant runs afoul of the 4th Amendment and the criminal procedural rules, the warrant must be quashed. *See, e.g., Albrecht v. United States*, 273 U.S. 1 (1926); *United States v. Winters*, 2020 U.S. Dist. LEXIS 154337, *1 (E.D. Wa. 2020).

### III.    CONCLUSION

Accordingly, the Court **GRANTS** the Defense Motion to Reconsider. Dkt. No. 13. The Clerk of Court is directed to **QUASH** the Arrest Warrant and to schedule an arraignment in absentia.

Dated this 23rd day of August, 2023.

Grady J. Leupold
United States Magistrate Judge